RAPHAEL TUCK & SONS CO. *v.* UNITED STATES (No. 899).[1]

1. VIEWS OF AMERICAN SCENERY OR OBJECTS.

Views covered by paragraph 412, tariff act of 1909, are such as present actual places, buildings, landscapes, or scenes within the United States.

2. GEORGE WASHINGTON SERIES OF POST CARDS.

Pictures that imaginatively portray events in the life of Washington are not views of American scenery or objects. They do not profess to represent any real locality or actual scene or scenery within the United States. They were properly dutiable as cards lithographically printed under paragraph 412, tariff act of 1909.

United States Court of Customs Appeals, February 1, 1913.

APPEAL from Board of United States General Appraisers, G. A. 7340 (T. D. 32331).

[Reversed.]

*Curie, Smith & Maxwell (Thomas M. Lane* of counsel) for appellant.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Thomas J. Doherty,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DEVRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case was imported under the tariff act of 1909 and consists of certain pictured postal cards which are severally advertised on their margins as numbers of the "George Washington Series of Post Cards." Each picture portrays in rather legendary fashion some event in the life of Washington and bears a brief inscription identifying it. The following subjects are thus treated: Washington and Lafayette at Mount Vernon, Washington

Crossing the Delaware, Washington's Reception at New York, Washington Taking Command of the Army, Washington Taking Leave of His Officers, and Washington's Inauguration as President of the United States. The pictures are somewhat crude in execution; they treat their respective subjects in rather heroic style and with vivid coloring. In some instances the pictures follow certain well-known oil paintings in their principal features.

The merchandise was returned by the appraiser as lithographs of American views, between eight and twenty one-thousandths of an inch in thickness and having less than 35 square inches of surface. Duty was accordingly assessed by the collector at 15 cents per pound and 25 per cent ad valorem, under the provisions of paragraph 416 of this act.

The importers duly filed their protest against that assessment, claiming that the articles were properly dutiable at 8½ cents per pound as cards lithographically printed, plus one-half of 1 cent per pound as embossed, under the provisions of paragraph 412 of the act.

The protest included various alternative claims, which do not require specific mention.

The protest was tried before the Board of General Appraisers and was overruled, from which decision the importers now appeal.

The following parts of paragraphs 412 and 416 set out those provisions of the act which govern the issues above defined.

412. * * * Cards * * * lithographically printed in whole or in part * * * (except * * * views of American scenery or objects, * * * ) * * * exceeding eight and not exceeding twenty one-thousandths of an inch in thickness, and less than thirty-five square inches cutting size in dimensions, eight and one-half cents per pound; * * * and in addition thereto * * * if either die cut or embossed, one-half of one cent per pound; * * *.

416. * * * Views of any landscape, scene, building, place or locality in the United States, on cardboard or paper, not thinner than eight one-thousandths of one inch, by whatever process printed or produced, * * * occupying thirty-five square inches or less of surface per view, * * * fifteen cents per pound and twenty-five per centum ad valorem, * * *.

As is stated above, the collector assessed the importation under the latter of the two paragraphs above given, and the importers contend for assessment under the former one.

The record therefore presents the question whether or not the pictures above described are "views of any landscape, scene, building, place or locality in the United States." If so, they are properly classified and assessed by the collector; otherwise the claim of the importers should be sustained.

It is evident that the pictures in question are not views of any landscape, building, place, or locality in the United States; and, indeed, they do not profess to be such views. The remaining question is whether or not the pictures present views of any "scene" in the United States. It may be conceded that this word is capable of such a definition as would include the pictures in question, but if it be construed together with the associate words of the provision it must be given a narrower and more limited interpretation. As so

construed the scenes intended by the provision are such only as belong to the same general class with landscapes, buildings, places, or localities. The court is not inclined to place the pictures at bar within such a classification. The pictures do not profess to repre-sent with accuracy any real locality or actual scene or scenery within the United States; and, indeed, such a representation is obvi-ously impossible in the treatment of their respective subjects.

It may be observed that in paragraph 412 Congress has estab-lished a general classification which would include certain of the cards named in paragraph 416, if the first paragraph contained no exception to modify its general terms. However; paragraph 412 con-tains such an exception, and this was placed in the paragraph for the manifest purpose of making it consistent with the correlative provisions of paragraph 416 now under review. The language of that exception is as follows: "Except * * * views of American scenery or objects * * *." It thus appears from this cognate provision that the word "scene" as used in the one paragraph was intended to be synonymous with the word "scenery" as used in the other. This tends to confirm the court in the conclusion that the views covered by paragraph 412 are only such views as present actual places, buildings, landscapes, or scenes within the United States and not such as are almost entirely produced from the imagination of the artist.

In this view of the case the court holds the decision of the board -sustaining the assessment to be erroneous. The same is accord-ingly *reversed*, and reliquidation is ordered as above defined.